IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JORGE HERNANDEZ RIVERA, )
)
        Petitioner, )
) 1:21CV456
v. ) 1:19CR385-1
)
UNITED STATES OF AMERICA, )
)
        Respondent. )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a federal prisoner, submitted a Letter [Doc. #19] in which he seeks to attack the conviction or sentence he received in this Court. The document he filed is not a recognizable method for achieving this goal. Instead, the proper avenue for such an attack is ordinarily a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. For this reason, the Court will construe the submission as such a motion. However, the Motion cannot be further processed for the following reasons:

1. The Motion is not on the proper § 2255 form.

2. At the time of the filing, Petitioner had a direct appeal pending in the United States Court of Appeals for the Fourth Circuit. While there may be no jurisdictional problem with a motion under § 2255 proceeding at the same time as a direct appeal, the Advisory Committee Note to Rule 5 of the Rules Governing Section 2255 Proceedings states that it is "inappropriate" to simultaneously maintain a direct appeal and a motion under § 2255. Where a prisoner files such a motion while a direct appeal is pending, the normal practice is to dismiss the § 2255 motion without prejudice to it being refiled once the direct appeal process has ended. See, e.g., Capaldi v. Pontesso, 135

F.3d 1122 (6th Cir. 1998); United States v. Deeb, 944 F.2d 545 (9th Cir. 1991).

Because of these pleading failures, this particular Motion will be dismissed, but without prejudice to Petitioner promptly filing a new motion properly following the 28 U.S.C. § 2255 forms and correcting the defects of the present Motion.[1] To further aid Petitioner, the Clerk is instructed to send Petitioner new § 2255 forms and instructions for filing a § 2255 motion, which Petitioner should follow if he wishes to bring a claim under § 2255.

Petitioner also filed a Letter Motion [Doc. #20] requesting a copy of his case file. Under 28 U.S.C. § 753(f), a defendant proceeding in forma pauperis is entitled to a copy of his transcripts at Government expense in a federal habeas proceeding only if he demonstrates that the suit is "not frivolous" and that the transcript is "needed to decide the

---

[1] Because Petitioner's submission is being dismissed without prejudice and is not being decided on its merits, this case will not count as a first motion which would later trigger the prohibitions against second or successive motions found in 28 U.S.C. § 2255(h). However, if Petitioner chooses to later submit a § 2255 motion that conforms with this Order and Recommendation, he should be aware that he is normally entitled to have only one § 2255 motion decided on its merits. Second or successive motions are barred from consideration by this Court unless a petitioner first receives permission from the Fourth Circuit Court of Appeals to file such a motion. 28 U.S.C. §§ 2255(h) and 2244. That permission is granted only in very narrow circumstances. Because of this, Petitioner should act carefully in resubmitting a motion. See generally Castro v. United States, 540 U.S. 375 (2003). If Petitioner wishes to challenge his conviction, he must use the § 2255 forms supplied by the Court, include all of the claims for relief he wishes to raise, and closely follow the instructions provided. To the extent there are any issues regarding the running of the statute of limitations in this case, the parties can litigate those issues following any refiling by Petitioner. If Petitioner wants a form of relief other than relief from his conviction or sentence, he should make that clear in any new submission and should state that he is not seeking to attack his conviction or sentence. He should not use the § 2255 forms in that instance. Finally, Petitioner may choose not to submit a motion, in which case his claims will not be considered further.

issue" presented in the suit.  See 28 U.S.C. § 753(f); United States v. MacCollom, 426 U.S. 317, 320-21 (1976) (noting that § 753(f) contains "a limited grant of authority to the courts to authorize the expenditure of public funds for furnishing transcripts to plaintiffs in § 2255 actions," but only where the court certifies that the claims are "not frivolous" and that the transcript is "needed to decide the issue presented by the suit"); see also United States v. Glass, 317 F.2d 200 (4th Cir. 1963) ("It is not contended, and if it were we could not uphold the contention, that an indigent may obtain a free transcript 'merely for his examination in order to determine whether he wishes to engage in litigation.'  An indigent is not entitled to a transcript at government expense without a showing of the need, merely to comb the record in the hope of discovering some flaw.").  Similarly under 28 U.S.C. § 2250, on an "application for a writ of habeas corpus," the Court may direct the Clerk to provide copies of documents or parts of the record to the petitioner at Court expense.  However, even if that section is applied to actions under 28 U.S.C. § 2255, a defendant must demonstrate a particularized need in relation to the claims he seeks to raise.  See 28 U.S.C. § 2250; Cassidy v. United States, 304 F. Supp. 864, 867 (W.D. Mo. 1969) (holding that even if § 2250 applied to a motion under § 2255, the petitioner had failed to show a particular need for the requested documents).  In the instant Motion, Defendant has not shown that transcripts or other documents are necessary for him to frame his claims, nor has Defendant attempted to establish that a transcript or other document is otherwise needed in order to decide the issues presented in these proceedings at this time.  If Defendant wishes to file

3

a Motion under § 2255, he should make a timely filing on the proper forms, setting out any claims he wishes to raise, and as part of that Motion, Defendant may attempt to show a particularized need for any documents he requests in support of his claims.

IT IS THEREFORE ORDERED that the Letter Motion for Documents [Doc. #20] is DENIED, and the Clerk is instructed to send Petitioner § 2255 forms and instructions.

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Petitioner promptly filing a corrected motion on the proper § 2255 forms.

This, the 4th day of November, 2021.

                                                 /s/ Joi Elizabeth Peake
                                              United States Magistrate Judge